**TILE COUNCIL OF AMERICA, INC.,**
Plaintiff,

v.

**CERAMIC TILERS SUPPLY, INC.,**
Defendant.

No. 62–267.

United States District Court
S. D. California,
Central Division.
Aug. 13, 1965.

Lyon & Lyon, Lewis E. Lyon, Gray, Pfaelzer & Robertson, William P. Gray, Los Angeles, Cal., Morgan, Finnegan, Durham & Pine, Granville M. Pine, New York City, for plaintiff.

Nilsson, Robbins & Anderson, Byard G. Nilsson, Los Angeles, Cal., for defendant.

## OPINION

WHELAN, District Judge.

This is an action for alleged patent infringement. The Court has jurisdiction under the provisions of 28 U.S.C. § 1338.

Plaintiff holds letters patent No. 2934932 as assignee of Herman B. Wagner, and letters patent No. 2990382 as assignee of Herman B. Wagner and John Vincent Fitzgerald.

Patent No. 2934932, hereinafter referred to as the 932 patent, is a patent for hydraulic cement mortar compositions and more particularly mortar more suitable to grouting and setting tile, laying masonary, stuccoing and plastering; and for methods of using such mortars and for methods of preparing them.

Patent No. 2990382, hereinafter referred to as the 382 patent, is also for mortar compositions for the application of tile to surfaces and for filling the joints between edges of tile and for methods of manufacturing such compositions.

Defendant has manufactured, sold and used mortar compositions alleged by plaintiff to infringe claims of plaintiff's patents and the defendant has used methods in the manufacture of such compositions and has used and advised its customers to use methods in the installing of tile which plaintiff alleges infringes claims of plaintiff's patents.

Defendant has brought a counterclaim in which it contends that plaintiff's patents are invalid, containing inter alia

(1) that defendant has not infringed;

(2) that the 932 patent is invalid because of double patenting;

(3) that the patents are not valid by virtue of prior art;

(4) that the patents are and each of them is invalid as being directed to old means;

(5) that each of the patents in suit is invalid by virtue of public use more than one year prior to the filing date of the application for the particular patent (application for the 932 patent was filed on September 30, 1957; application for the 382 patent was filed on October 9, 1958).

## THE 932 PATENT

The 932 patent discloses a dry mortar composition adapted to being mixed with about 11 to 40% of its weight of water, which consists essentially of by weight Portland cement in an amount within the ranges set forth in the claims of the patent, 0.2 to 6.5% methyl cellulose of 10 to 7000 centipoise viscosity grade and at least one substance selected from a group consisting of sand and powdered limestone in the percentages also by weight within the ranges set forth in the claims of the patent. The 932 patent further discloses methods of installing ceramic tile

which comprise covering a substrate with a bed of mortar and pressing the dry tile into said bed, and in which the improvement comprises utilizing the mortar compositions disclosed in the patent as well as the method in which the surfaces of the tile are given a thin coat of mortar prior to being set in the mortar bed.

█ The Court is of the opinion that the elements of the 932 patent act in concert to produce a new and useful result and unusual and surprising consequences. Cf. Troy Company v. Products Research Company (C.A.9 1964) 339 F.2d 364, and International Manufacturing Co., Inc. v. Landon, Inc. (C.A.9 1964) 336 F.2d 723.

The 932 patent provided for the tile setting industry a new technique made possible because of the compositions of the 932 patent. It provided inter alia a composition that could be used in the setting of dry non-vitreous ceramic tile without prior wetting of the tile or the dry substrate upon which the tile was to be installed as well as a mortar layer of less than ⅛″ thickness. It also made possible a bonding coat non-inflammable in nature as contrasted to mastic adhesives and preserved the strength and durability of the theretofore used conventional Portland cement mortars. The use of the compositions and methods of the 932 patent resulted in a considerable savings in material and labor. The compositions and methods have been widely acclaimed as providing a new and useful result with surprising and unexpected consequences. One of defendant's witnesses, Mr. McGourty, testified that there was a need in the tile setting industry in 1955 for a thin-setting mortar for dry tile and dry substrate and the president of the defendant corporation said in effect that the development of such a composition and method was a tremendous scientific advance in the art.

The elements of the 932 patent compositions act in concert to produce a new and useful result and provide unusual and surprising consequences and are patentable combinations. None of the prior art teaches the combinations of the 932 patent and do not anticipate its invention.

█ Also it should be observed that the evidence supports the inference that defendant copied plaintiff's compositions and methods. This fact is some evidence of invention by plaintiff. Cf. Troy Company v. Products Research Company, supra, 339 F.2d at p. 367. While there is ample proof of the commercial success of the 932 patent combinations and methods, the Court does not rest its decision upon such fact.

*The 932 Patent Is Infringed*

Thorough consideration of the evidence with respect to the question of infringement by defendant establishes that the defendant has infringed claims 1, 2, 4, 5, 6, 7, 8 and 9 of the 932 patent. The HG product of Dow Chemical used by defendant is an equivalent of the methyl cellulose disclosed by the 932 patent. The additives in the compositions of the defendant do not militate against the fact of such infringement. The composition claims have been infringed and so too have the method claims.

*There Was No Public Use Of The Subject Matter Of The 932 Patent More Than One Year Prior To The Filing Of The Patent Application Therefor*

█ While defendant introduced considerable testimony to establish public use of the subject matter of the 932 patent more than one year prior to the filing of the application for such patent, the evidence so introduced is not clear and convincing and does not establish such public use. The various articles and pamphlets which were introduced into evidence by the defendant do not establish such public use. In this connection it is noted that defendant's witness McGourty testified that he knew of no thin-setting mortars for dry tile before 1955; he testified that he was familiar at that time and for years prior thereto with the tile setting industry. A full consideration of the evidence with respect to the activities of the Kaiser Manufacturing Co. establishes that there is no proof

whatsoever that there was any public use by anyone connected with such company of a thin-setting mortar containing methyl cellulose prior to October of 1956. The first commercial testing of any thin-setting tile mortar, according to records of that company, was in late November of 1956. The witness Kaiser testified that their formula was kept secret and that the formula was changed from time to time for years after 1956 and that an attempt to make a sample of mortar containing methyl cellulose in the early summer of 1956 was unsuccessful. Kaiser Company consented to a judgment of infringement of the 932 patent brought against it by the plaintiff and paid a substantial sum of money to the plaintiff in connection with such settlement.

Nor is the evidence of defendant's public use of the subject matter of the 932 patent, either as to compositions or methods, convincing to the Court.

### The 932 Patent Is Not Invalid Because of Double Patenting

Defendant contends that the 932 patent is invalid because of double patenting and submitted as evidence of such double patenting patent No. 2838411, hereinafter referred to as the 411 patent, issued to plaintiff as assignee of Herman B. Wagner. An examination of the 411 patent discloses that combinations of the 932 patent are different from those of the patent No. 2838411 and that the claims of these two patents are not co-extensive. Under pertinent authorities it has been held that there is no double patenting under such conditions. For this reason the Court rejects the defendant's contention of double patenting.

### THE 382 PATENT

The 382 patent discloses a composition capable of being mixed with water to form a mortar paste and comprising various hydraulic cements alternatively as the principal ingredient and other ingredients in percentages based on the weight of the cement, to wit, methyl cellulose having a viscosity between about 80 and 6000 centipoises in 2% solution, about 0.25 to 6%, and reemulsifiable polyvinyl acetate, about 1 to 11%. The various hydraulic cements which can be alternately used in the compositions are disclosed in the patent. It also discloses composition containing the ingredients above mentioned which include sand as well as one which includes asbestos but not sand together with the other ingredients heretofore mentioned. The 382 patent also discloses a method of manufacturing such compositions.

The Court is likewise of the opinion that the elements of the 382 patent act in concert to produce a new and useful result and unusual consequences.

While prior to the 382 invention liquid emulsion of polyvinyl acetate was useful in improving flexible characteristics of Portland cement, the use of the compositions of the patent have demonstrated many advantages over the use of the liquid emulsion of polyvinyl acetate.

The elements of the 382 patent compositions act in concert and they and the methods of the patents are patentable. The prior art does not teach the patent combinations and do not anticipate its invention.

### The 382 Patent Is Infringed

Claims 1, 2, 5, 6, 7, 8, 9 and 10 of the 382 patent have been infringed by defendant.

### There Was No Public Use Of The Subject Matter Of The 382 Patent More Than One Year Prior To The Filing Of The Application Therefor

Here as with the 932 patent the Court considers that the defendant has not established that there was any public use of the subject matter of the 382 patent more than one year prior to the filing of the application for such patent.

### THE COURT'S DECISION

The Court finds each of the plaintiff's patents valid and that defendant has infringed claims 1, 2, 4, 5, 6, 7, 8 and 9 of the 932 patent, as well as claims 1, 2, 5, 6, 7, 8, 9 and 10 of the 382 patent.

Plaintiff is entitled to a permanent injunction restraining defendant from further infringement and for an accounting to determine damages due plaintiff for such infringement.

Counsel for plaintiff shall prepare findings of fact and conclusions of law and judgment consistent herewith.